

United States District Court
Southern District of Texas
**ENTERED**
December 29, 2016
David J. Bradley, Clerk

ENTERED
12/21/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 16-20012 |
| SHERWIN ALUMINA COMPANY, LLC; | § | CHAPTER 11 |
| fka SHERWIN ALUMINA LP, *et al* | § | |
| | § | |
| Debtor(s). | § | DAVID R. JONES |
| | § | |
| | § | |
| GREGORY POWER PARTNERS, LLC | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 16-02015 |
| | § | |
| REYNOLDS METALS COMPANY | § | |
| | § | |
| Defendant(s). | § | |

REPORT AND RECOMMENDATION TO THE UNITED STATES
DISTRICT COURT REGARDING THE WITHDRAWAL OF
<u>THE REFERENCE OF THIS ADVERSARY PROCEEDING</u>
(Docket No. 11)

Before the Court for consideration is the Motion to Withdraw the Reference filed by Reynolds Metals Company ("Reynolds"). For the reasons set forth below, the Court recommends that the District Court withdraw the reference to the Bankruptcy Court of Adversary Proceeding No. 16-02015.

## Background

1. Sherwin Alumina Company, LLC and Sherwin Pipeline, Inc. (collectively, the "Debtor") filed voluntary chapter 11 bankruptcy petitions on January 11, 2016 [Docket No. 1, Case No. 16-20012]. A hearing to consider confirmation of the Debtor's proposed plan of liquidation is scheduled for January 10, 2017 [Docket No. 1061, Case No. 16-20012].

2. The Debtor owns and until recently, operated an alumina facility in Gregory, Texas. The facility was formerly owned and operated by Reynolds. The facility requires significant amounts of electricity to operate. Power to the facility is provided under an energy services agreement (the "ESA"). The original parties to the agreement were Reynolds and Gregory Power Partners, LLC ("Gregory"). The Debtor assumed the ESA when it purchased the facility from Reynolds in 2000. The Debtor ceased operations in late 2016. The parties disagree about Reynolds' continuing obligations under the ESA.

3. On September 16, 2016, Gregory filed its complaint in this adversary proceeding against Reynolds seeking "a judgment that Reynolds is in material breach of the ESA. [Gregory] further seeks a judgment declaring that (a) Reynolds remains bound to perform its obligations under the ESA, (b) Reynolds' refusal to perform its obligations under the ESA constitutes a material breach of the ESA, and (c) any court-approved agreement [Gregory] makes with Debtors to facilitate Debtors' restructuring will not release Reynolds from its obligations under the ESA to GPP." The complaint asserts claims for breach of contract and declaratory judgment. The estimated money damages are in excess of $40 million.

4. On November 10, 2016, Reynolds filed its motion to dismiss [Docket No. 10]. Included in the motion is a jury demand. Also on November 10, 2016, Reynolds filed the instant Motion for Withdrawal of the Reference (the "Motion") based on its jury demand [Docket No. 11]. In the Motion, Reynolds states that it does not consent to a jury trial before this Court and therefore withdrawal of the reference is mandatory.

5. On December 21, 2016, the Court conducted a status hearing in the adversary. During the hearing, the parties acknowledged that if the matter proceeds to trial, Reynolds is entitled to a jury trial.

## Analysis

6. The District Court may withdraw, in whole or in part, any case or proceeding referred under § 157, on its own motion or on timely motion of any party, for cause shown. 28 U.S.C. § 157(d). Reynolds has requested a jury trial and does not consent to a trial before the Bankruptcy Court. A bankruptcy court may not conduct a jury trial without the consent of all parties. *In re Clay*, 35 F.3d 190, 196–97 (5th Cir. 1994). If Reynolds' jury demand is proper, sufficient cause is established.

7. Although neither party has challenged the right to a jury trial, this Court has independent obligation to ensure that jury demands are properly asserted. The Seventh Amendment provides the right to a jury trial in cases in which the value in controversy exceeds twenty dollars and the cause of action is to enforce rights that are at least analogous to those tried at common law in the late 18th century English courts. *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 708 (1999); *Lorillard v. Pons*, 434 U.S. 575 (1978). A suit "at common law" refers to a suit "in which *legal* rights were to be ascertained and determined" as opposed to "those where equitable rights alone were recognized and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

8. Differentiating "suits at common law" from equitable proceedings requires a two-step analysis: (1) a comparison of the "statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) whether the remedy sought is "legal or equitable in nature." *Granfinanciera*, 492 U.S. at 42 (quoting *Tull v. U.S.*, 481 U.S. 412, 417-18 (1987)). "The second stage of this analysis is more important than the first." *Granfinanciera*, 492 U.S. at 42. A request for a money judgment generally indicates

that the claim should be denominated as legal rather than equitable. *See Granfinanciera*, 492 U.S. at 47; *Dairy Queen Inc. v. Wood*, 369 U.S. 469, 476 (1962).

9. After reviewing Gregory's complaint, the Court finds that the complaint states claims both for legal and equitable relief. When viewed in the aggregate, however, the Court finds that (i) the legal claims predominate; and (ii) the ultimate remedy sought by Gregory is the recovery of money damages which is legal in nature. Consequently, the Court finds that Reynolds is entitled to a jury trial. Inasmuch as Reynolds has not consented to a jury trial before the bankruptcy court, this Court finds that withdrawal of the reference is mandatory under 28 U.S.C. § 157(d).

10. Based on the Court's familiarity with the underlying issues, the Court recommends that the District Court assign all pre-trial matters to this Court for reasons of efficiency and to assist the District Court in managing its caseload. The Court stands ready, of course, to handle any matter as directed by the District Court.

## Conclusion

For the reasons set forth above, the Court recommends that the District Court withdraw the reference to the Bankruptcy Court of Adversary Proceeding 16-0215 in accordance with the foregoing.

**SIGNED: December 21, 2016.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE