Case 2:16-cv-00540 Document 11 Filed on 07/18/17 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 18, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GREGORY POWER PARTNERS, LLC, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL NO. 2:16-CV-540 |
| REYNOLDS METALS COMPANY, | § § § | |
| Defendant. | § | |

# ORDER

The Court is in receipt of the Report and Recommendation ("R&R") of the bankruptcy court before which Defendant Reynolds Metal Company ("Reynolds") filed its pending motion to withdraw the reference for the adversary proceeding filed as Adversary No. 16-02015. *See* Dkt. No. 1. On review of this R&R and all relevant pleadings, the Court **ADOPTS** the R&R, Dkt. No. 1, and withdraws the reference effective when the bankruptcy court rules on the pre-trial motions, subject as necessary to the bankruptcy court's adjudication of those motions by findings of fact and conclusions of law presented to this Court pursuant to 28 U.S.C. § 157(c)(1).

The adversary proceeding here stems from a dispute over an energy services agreement ("ESA") under which energy is provided by Gregory Power Partners, LLC ("Gregory") to an alumina facility in Gregory, Texas, formerly owned and operated by Reynolds Metal Company ("Reynolds"). *See* R&R at 1. When the debtor in the underlying bankruptcy proceeding, Sherwin Alumina Company, LLC and Sherwin Pipeline, Inc. (collectively, the "Debtor"), purchased this alumina facility from Reynolds, it also assumed the ESA. *Id.* Gregory, however, maintains that after this sale Reynolds retained continuing obligations under the ESA, and filed a complaint in this adversary proceeding on September 16, 2016 asserting claims for breach of contract and declaratory judgment against Reynolds, as well as for money damages in excess of $40 million. *Id.* at 2.

In response to this complaint Reynolds filed both a motion to dismiss, which includes a jury demand, and a motion to withdraw the reference based on this demand. Dkt. No. 1 at 2. Initially, Gregory objected entirely to withdrawal of the reference in this adversary proceeding, although it also argued, in the alternative, that at a minimum, the reference should be maintained with respect to pre-trial motions. *See* Dkt. No. 3. Reynolds replied that withdrawal is required and should be immediate, as the bankruptcy court lacks authority to enter final orders. Dkt. No. 4 at 10. On consideration of these pleadings and testimony offered by the parties in a status hearing, the bankruptcy court concluded in its R&R that Reynolds is entitled to a jury trial, rendering withdrawal of the reference mandatory under 28 U.S.C. § 157(d). *See* Dkt. No. 3. The bankruptcy court also recommended that this withdrawal be delayed, on the basis that pre-trial matters can be most efficiently handled directly by the court, given its "familiarity with the underlying issues" of this adversary proceeding. *Id.* at 3.

Subsequently, Reynolds filed with this Court a "limited objection" to the bankruptcy court's R&R, which requests immediate withdrawal of the reference, contrary to the bankruptcy court's recommendation. Dkt. No. 5. In support of its request, Reynolds urges that "[n]umerous court within the Fifth Circuit, including the District Court for the Southern District of Texas, have noted that judicial economy favors immediate withdrawal of the reference when, as here, a bankruptcy court cannot enter final orders or judgments on dispositive motions, and instead can only issue proposed findings of fact and conclusions of law." *Id.* at 6-7. Gregory, by contrast, has filed with this Court a statement in support of the bankruptcy court's R&R, which argues that this court "is familiar with the parties and the underlying facts at issue in this adversary proceeding," and that in cases like this "District Courts routinely refer pre-trial matters to the Bankruptcy Court even where a litigation has a valid jury trial right." Dkt. No. 6 at 2.

First, the Court agrees with the R&R and apparently, the parties,[1] in finding that withdrawal is indeed mandatory in this adversary proceeding, pursuant to § 157(d). Second, the Court notes that "[t]he right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions," as no jury trial right arises "until jury issues are presented." *Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 207 (S.D. Tex. 2008) (citing *McFarland v. Leyh*, 52 F.3d 1330, 1339 (5th Cir. 1995). Yet "[a] bankruptcy court may exercise full judicial power only in core proceedings." *In re White Robinson*, 777 F.3d 792, 795 (5th Cir. 2015) (citing *In re Wood*, 825 F.2d 90, 91 (5th Cir. 1987)); *see also* 28 U.S.C. § 157(b)(1). By contrast, bankruptcy courts exercise "only recommendation authority over 'non-core' matters that are merely 'related to' a bankruptcy case." *In re White*, 777 F.3d at 795 (citing 28 U.S.C. § 157(c)(1)). In the latter case, the bankruptcy court may not rule directly on dispositive motions, but must instead "submit proposed findings of fact and conclusions of law to the district court," which then shall enter "any final order or judgment" after considering the bankruptcy court's proposals "and after reviewing de novo those maters to which any party has timely and specifically objected." *See* § 157(c)(1).

The R&R does not make a recommendation as to whether this adversary proceeding presents core or non-core matters, while both parties appear to suggest Gregory's claims are non-core, on the basis that they merely "relate to" the Debtor's bankruptcy petition. *See* Dkt. No.1; Dkt. No. 5 at 1; Dkt. No. 6 at 2. In either case, however, this Court finds that principles of judicial economy are best served by the bankruptcy court's management of all pre-trial matters in this adversary proceeding. The bankruptcy court has greater familiarity with the issues underlying Gregory's claims and is prepared to assist this Court in managing its caseload. R&R at 3. The bankruptcy court also has authority to determine "whether a proceeding is a core proceeding." § 157(b)(3). Accordingly, the Court hereby **ADOPTS** the R&R, Dkt. No. 1, and withdraws the reference effective when the bankruptcy court rules

---

[1] The R&R notes that both parties acknowledged in a hearing before the bankruptcy court that if this matter proceeds to trial, Reynolds is entitled to a jury trial. Dkt. No. 1 at 2.

on the pre-trial motions, subject as necessary to the bankruptcy court's adjudication of those motions by findings of fact and conclusions of law presented to this Court pursuant to 28 U.S.C. § 157(c)(1).

It is so ORDERED.

SIGNED this 18th day of July, 2017.

_____
Hilda Tagle
Senior United States District Judge